76 F.3d 382
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Joe BALLARD, Appellant,
v.
Wiley ALBRIGHT, Chairman, Airport Commission; Newport,
Jackson County, Arkansas; Terry Dillon, Commissioner;
Burton Ford, Commissioner; Ralph Sink, Commissioner; Wayne
Beard, Mayor; Kenneth Thaxton, Jr., Commissioner,
originally sued as "Ken Taxton"; City of Newport, Arkansas;
Newport Airport Commission, Appellees.
 No. 95-2581.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 23, 1996.
Filed Jan. 26, 1996.
 
 Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joe Ballard appeals from the final judgment entered in the district court[1] dismissing his action under the Age Discrimination in Employment Act, 29 U.S.C. § 623. We affirm.
 
 
 2
 Following a bench trial, the district court found that, while Ballard had established a prima facie case of discrimination, defendants had advanced unrebutted legitimate, non-discriminatory reasons for Ballard's termination, namely, Ballard's failure adequately to perform his job as airport manager. We review the district court's findings for clear error. See Fed.R.Civ.P. 52(a); Tuttle v. Henry J. Kaiser Co., 921 F.2d 183, 186 (8th Cir.1990). After carefully reviewing the record on appeal and the parties' briefs, we conclude the district court did not clearly err in its determination, and thus properly entered judgment for defendants. See Richmond v. Board of Regents of Univ. of Minn., 957 F.2d 595, 598 (8th Cir.1992) (poor job performance is valid, non-discriminatory reason for termination). We reject Ballard's argument that the district court erred in failing to apply a "mixed-motives" analysis to his case, because Ballard did not present enough evidence of a discriminatory component to meet the threshold showing required for such an analysis. See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 780 (8th Cir.1995); Radabaugh v. Zip Feed Mills, Inc., 997 F.2d 444, 448 (8th Cir.1993).
 
 
 3
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas